UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

SHAMAR MONTGOMERY,

    **Plaintiff,**

v.

    Case No. 2:22-cv-4009
    **JUDGE EDMUND A. SARGUS, JR.**
    Magistrate Judge Chelsey M. Vascura

MARK ZUCKERBERG,

    **Defendant.**

## OPINION AND ORDER

This matter is before the court on Defendant Mark Zuckerberg's Motion to Dismiss Plaintiff Shamar Montgomery's Complaint. (ECF No. 3.) For the reasons set forth below, the Court **GRANTS** Defendant Zuckerberg's Motion to Dismiss.

## I. BACKGROUND

Plaintiff Shamar Montgomery ("Plaintiff"), proceeding *pro se*, an Ohio resident, filed a Complaint against Mark Zuckerberg ("Defendant"), a California resident. (ECF No. 2.) Plaintiff accuses Defendant of "spearing," noting also "that I have great work of mines that I lead with my great words that has and to this make a lot of his platform," and seeks damages of $90,000,000. (*Id.* at 2.)

On November 21, 2022, in response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (ECF No. 3.) Plaintiff has not filed any opposition to this motion and the time to do so has passed.

## II. LEGAL STANDARD

### A. 12(b)(2): Motion to Dismiss for Lack of Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for a lack of personal jurisdiction. "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). When a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, as the Court does here, it must consider the pleadings in the light most favorable to the plaintiff. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). In such an instance, the plaintiff "need only make a prima facie showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)).

### B. 12(b)(6): Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying plausibility standard articulated in *Twombly*). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a

2

legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

### C. *Pro se* Plaintiffs

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A trial court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

### III. DISCUSSION

Defendant argues that: (1) Plaintiff has not adequately alleged facts that support the exercise of personal jurisdiction over the Defendant, and therefore the Court should dismiss this action for lack of personal jurisdiction under Rule 12(b)(2); and (2) Plaintiff's Complaint does not state a claim for which this Court can grant relief, so the Court should dismiss this action for failure to state a claim under Rule 12(b)(6). (ECF No. 3 at 7-8). The Court begins with the issue of personal jurisdiction.

**A. The Court Lacks Personal Jurisdiction Over Defendant**

Defendant, a California resident, argues that his contacts with Ohio are insufficient for the Court to exercise personal jurisdiction over him. (ECF No. 3 at 5-6.) The Court agrees.

"A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citation omitted). Thus, "[u]nder Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 790 (Ohio 2010); *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994)). The court may begin its analysis under either standard, and if it finds jurisdiction improper under the first standard analyzed, it need not conduct a separate inquiry under the second standard. *See id.* at 711–12 ("Of course, if jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa.").

The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States requires that a nonresident defendant "possess[] such 'minimum contacts' with the forum state that exercising jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 356 (6th Cir. 2014) (citing *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "There are two kinds of personal jurisdiction within the Federal Due Process Inquiry: (1) general personal jurisdiction,

4

where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Conn v. Zakharov,* 667 F.3d 705, 712–13 (6th Cir. 2012) (citing *Third Nat'l Bank v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989) (quoting *Int'l Shoe Co.,* 326 U.S. at 316)).

The Court cannot exercise general jurisdiction over Defendant. The Supreme Court has "repeatedly held that for a non-resident defendant to be subject to the general jurisdiction of the forum state, his contacts with that state must be "continuous and systematic." *Id.* at 713 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 (1984)). Here, the Complaint lists only a California address for Defendant and fails to allege any contacts between Defendant and Ohio. (Compl. at 2, ECF No. 2). The Complaint does mention Defendant's "platform," likely referring to Meta Platforms, Inc., but "maintaining a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419–20 (9th Cir.1997)). Absent any facts or allegations demonstrating that Defendant's contacts with Ohio are "continuous and systematic," the Court cannot exercise general jurisdiction over Defendant. *See Conn*, 667 F.3d at 713.

Nor can the Court exercise specific jurisdiction over Defendant. Specific jurisdiction over a nonresident defendant is appropriate if his or her contacts with Ohio meet a three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 713 (quoting *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002)). Even when liberally construing Plaintiff's Complaint, he fails to allege any facts showing that Defendant has

5

purposefully availed himself of Ohio, that the cause of action arises out of Defendant's activities in Ohio, or that any of Defendant's acts or consequences have a connection with Ohio such that the exercise of specific jurisdiction over him is reasonable. (*See* Compl. at 2, ECF No. 2.) Thus, Due Process does not allow the imposition of specific jurisdiction under the facts of this case.

In sum, the Court can exercise neither general nor specific jurisdiction over Defendant in this action, as doing so would be inconsistent with Federal Due Process. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

### B. Plaintiff's Complaint Fails to State a Claim

Plaintiff's Complaint, construed liberally, does not assert a cause of action for which the Court can grant relief. The Complaint, in full, states the following:

> I want file charges against Mark Zuckerberg 1 Hackway, Menlo Park, CA 94025 USA[.]
>
> I suing him because of spearing and the fact that I have great work of mines that I lead with my great words that has and to this make a lot of his platform and I need 90,000,000 that he giving people on the 27th of this month unless he can give me what he feels I deserve.

(Compl. at 2, ECF No. 2.)

The Court, simply put, is at a loss as to the meaning of Plaintiff's Complaint. At best, Plaintiff's allegations may allude to some type of misconduct. But this is not enough. Plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]," and that Plaintiff has a right to recover from Defendant based on his conduct. *Twombly*, 550 U.S. at 556. Plaintiff's Complaint falls far short of this standard, and therefore the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons stated herein, Defendant Mark Zuckerberg's Motion to Dismiss Plaintiff's Complaint is **GRANTED** under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (ECF No. 3.) Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. (ECF No. 2.)

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**6/22/2023**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                               **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**